UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTHER CARNEY | CIVIL ACTION |
| VERSUS | NO. 05-374 |
| JO ANNE B. BARNHART,<br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION | SECTION "K"(2) |

### ORDER

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. No. 11), and plaintiff's objections filed on January 6, 2006 (Rec. Doc. No. 12), hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it, along with this Court's own prior decision dated January 30, 2005 (*Carney v. Barnhart*, C.A. No. 04-0267 (E.D.La. filed Jan. 31, 2005)), as its opinion in this matter.

### Standard of Review

The Court faces the unusual position of having two standards of review layered upon one another. First, the Court reviews the Report and Recommendation of the magistrate *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Second, pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to two issues: (1) whether substantial evidence exists in the

record as a whole to support the Commissioner's decision, and (2) whether the proper legal standards were applied in evaluating the evidence. *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir.1993); *Griego v.. Sullivan,* 940 F.2d 942, 943 (5th Cir.1991). Ultimately, although two standards exist, only the deferential standard enunciated imposed by 42 U.S.C. § 405(g) constrains the Court in this matter. Accordingly, this deferential standard must be examined in closer detail.

The Commissioner's final decision must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance; substantial evidence has also been defined as such relevant evidence as a reasonable mind might accept to support a conclusion. *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983); *Jones,* 702 F.2d at 620.

In determining whether substantial evidence exists, the court must scrutinize the record and consider whatever fairly detracts from the substantiality of the evidence supporting the ALJ's decision. *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985). Upon a finding of substantial evidence, the Court may only review whether the ALJ has applied proper legal standards and conducted the proceedings consistently with the statute and regulations. *Borney v. Schweiker,* 695 F.2d 164, 168 (5th Cir.1983), *cert denied,* 462 U.S. 1121, 103 S.Ct. 3091, 77 L.Ed.2d 1351 (1983). However, procedural perfection in administrative proceedings is not required, and procedural improprieties will constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the decision. *Morris v. Bowen,* 864 F.2d 333, 334 (5th Cir.1988).

This Court may not reweigh the evidence, try the issue *de novo*, or substitute its judgment for that of the ALJ; it may only examine the record in its entirety to determine whether there is

substantial evidence to support the ALJ's decision. *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir.1988); *Cook v. Heckler,* 750 F.2d at 392. Conflicts in evidence should be resolved in administrative proceedings, not in the courts. *Patton v. Schweiker,* 697 F.2d 590, 592 (5th Cir.1983).

Finally, and most importantly in this matter, an ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley v. Cater,* 67 F.3d 552, 557 (5th Cir.1995); *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984). If the ALJ does not satisfy his duty, his decision is not substantially justified. *Ripley,* 67 F.3d at 557; *Kane,* 731 F.2d at 1219. Reversal of his decision, however, is appropriate only if the applicant shows that she was prejudiced. *Ripley,* 67 F.3d at 557; *Kane,* 731 F.2d. at 1220. Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision. *Kane,* 731 F.2d at 1220.

**Plaintiff's Objection and Analysis**

Plaintiff filed her "Objections to Defendant's Contention that the Decision of the ALJ was Supported by Substantial and Objective Medical Evidence of Record" (Rec. Doc. No. 12) on January 6, 2006 contending that 1) the opinion of Dr. Zapata should be considered as that of a treating source because it is consistent with and well supported by objective evidence in the record; and 2) the findings of the ALJ are not supported by the evidence in the record. The Court finds three separate grounds upon which to deny plaintiff's request for a reversal of the ALJ and to deny entrance of summary judgment in her favor, as follows:

**1.    Improperly Filed**

First, the appeal filed with this Court is improper pursuant to the requirements for judicial review found in 20 CFR §422.210. Per the record, plaintiff failed to appeal the decision of

Administrative Law Judge ("ALJ") Kunderer dated August 13, 2004. See Admin. Record at 13-27. In plaintiff's "Memorandum of Facts and Law in Support of her Appeal" (Rec. Doc. No. 9), plaintiff incorrectly stated that on December 30, 2004 the Appeals Council denied the request for review of ALJ Kunderer's decision. An examination of the record reveals that on December 30, 2004 the Appeals Council actually denied her request for review of a *previous* ALJ's decision, dated February 24, 2003. See Admin. Record at 5-8. This previous decision from ALJ Torres dealt with applications for benefits filed by plaintiff on February 21, 2001. See Admin. Record at 34-45. The confusion apparently arises from the fact that plaintiff had filed two separate applications for benefits: one dated February 21, 2001 and the other dated May 15, 2003. Plaintiff's request to appeal was denied on December 30, 2004 as to the February 24, 2003 decision of ALJ Torres, thus making that decision final, and therefore ripe for judicial review pursuant to 42 U.S.C.A §405(g)[1]. However, ALJ Kunderer's decision, dated August 13, 2004, was never properly appealed, and thus, never became the final decision of the Commissioner of Social Security under 42 U.S.C.A §405(g). Under 20 C.F.R. §422.210 plaintiff may seek "judicial review of a decision by an [ALJ] if the Appeals Council has denied the plaintiff's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." Since the Appeals Council did not deny the claimant's request for review as to her May 15, 2003 application or hand down its own decision regarding ALJ Kunderer's August 13, 2004 decision on this application, and sixty days have passed since said decision, judicial review is not available. *See* 20 C.F.R. § 404.955 (2005). Therefore, plaintiff's appeal of ALJ Kunderer's decision is technically improper.

---

[1] Although, as explained below, ALJ Torres's decision had already been properly appealed and was ultimately upheld by this Court. The decision of this Court could not, under any authority or law, be appealed back to the Appeals Council, which is, in essence, what happened.

The Court does recognize, however, that plaintiff is not entirely at fault for the confusion. The record shows that plaintiff, through counsel, wrote a letter to the Appeals Council dated October 29, 2004 asking for a review of the August 13, 2004 denial-decision by ALJ Kunderer. *See* Admin. Record at 180-182. The Appeals Council's response, dated December 30, 2004, denies the request for review of the ALJ decision dated February 24, 2003. See Admin. Record at 5-8. This appears to be an administrative mistake on the part of the Appeals Council, one that was never discovered. However, although the blame does not rest entirely on plaintiff, the result that the current appeal is technically improper persists.

**2.     Untimeliness**

The second ground for denial is the untimeliness of plaintiff's objection. Plaintiff filed her objection on January 6, 2006, objecting to Magistrate Judge Wilkinson's Report and Recommendation (R&R), dated November 28, 2005. Plaintiff had ten (10) days after being served with a copy of Magistrate Wilkinson's R&R to timely object. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996). A filing date of January 6, 2006 is well beyond this ten day deadline, and therefore plaintiff is technically barred from objecting to the R&R.

**3.     No New Evidence Presented**

The third ground for denial is the fact that this Court has already ruled on what is essentially the same matter. Following ALJ Torres's unfavorable decision, plaintiff filed an appeal with the Appeals Council which was denied on December 5, 2003. *See Carney*, C.A. No. 04-0267, Admin. Record at 5-9. Plaintiff, represented by the same counsel as in the current case, appealed the Appeals Council's denial of review to this Court on February 2, 2004. *See id.* Rec. Doc. No. 1. This Court issued a judgment on January 30, 2005 finding in favor of defendant and dismissing plaintiff's

complaint with prejudice. *See id.* Rec. Doc. No. 14. Notwithstanding the collateral estoppel and res judicata implications, this Court now finds, following a *de novo* review of the record[2], and in light of its prior January 30, 2005 decision, that no new evidence has been presented by plaintiff. The Court therefore adopts its prior decision as well as the decision of Magistrate Wilkinson and denies plaintiff's disability claims for the second time.

The Court notes that plaintiff has had no less than **two** ALJ hearings regarding this matter, **two** appeals to the Appeals Council, review by **two** Magistrate Judges, and has had a *de novo* review conducted **twice** by this very Court. The Court also notes that the current review was conducted despite the improperness and untimeliness of the appeal.

The crux of this case was and remains whether Dr. Zapata should be considered the treating physician for purposes of determining disability. This Court finds that no new evidence has been presented concerning this matter since its prior decision dated January 30, 2005. In that decision this Court found that Dr. Zapata's opinions were conclusory because they were contained **entirely** on a one-and-a-half page pre-printed form and consisted of only check marks, his signature, and the date without any explanations. *See Carney*, C.A. No. 04-0267, Rec. Doc. No. 13. Since the same form is being offered by plaintiff as the opinion of her treating physician in the present case, this Court finds no reason to alter its previous decision. The ALJ applied the correct legal standard and was supported by the record when he refused to consider Dr. Zapata's opinion as that of a treating physician and went on to find that plaintiff is not disabled. Therefore, this Court is in agreement with **all** of the preceding findings. Accordingly,

---

[2]This *de novo* review is constrained in the manner described above. Namely, it is limited to the determination of whether there is substantial evidence to support the ALJ's decision, whether the proper legal standards were applied, and whether the proceedings were conducted consistently with the statute and regulations.

**IT IS ORDERED THAT** plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED THAT** plaintiff's complaint be and is hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this __6th__ day of February, 2006.

                              _____
                              **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**